1    Joshua Tyler Barnes.

2    TRCI #17272776

3    82911 Beach Access Rd

4    Umatilla, OR. 97882

5    Pro Se

6

7                    IN THE UNITED STATES DISTRICT COURT

8                        FOR THE DISTRICT OF OREGON

9                            PENDLETON DIVISION

10

11                                    )    Case No._2:23-cv-00496-MC_____

12    JOSHUA TYLER BARNES,             )

13    PLAINTIFF                        )    CIVIL RIGHTS COMPLAINT

14    v.                               )

15    OREGON DEPARTMENT OF             )

16    CORRECTIONS, (ODOC) AN AGENCY    )

17    OF THE STATE OF OREGON;          )

18    CORPORAL QUINTON ADAMS,          )

19    STAFF MEMBER AT TWO RIVERS CORRECTIONAL INSTITUTION, (TRCI);  )

20    ERIN REYES, TRCI SUPERINTENDENT;        )

21    HEIDI STEWARD, DIRECTOR OF THE ODOC, et al.    )

22    Each defendant is                )

23    Sued in their individual         )

24    And or Official Capacities as appropriate.    )

25    DEFENDANTS.                      )

26    Page 1, 504 Rehabilitation Act, Title II of the Americans with Disability Acts Civil Rights

27    Complaint.                        VERIFIED COMPLAINT – JURY TRIAL DEMANDED

1    **I.    INTRODUCTION**

2

3    This is a civil action for damages, including compensatory damages, equitable relief, including

4    injunctive and declaratory relief, and attorney fees, costs, to redress violations of the United States

5    Constitution, The Americans with Disabilities Act (ADA) 42 U.S.C. 12101 et seq.; Section 504 of the

6    Rehabilitation Act of 1973. All of which caused Plaintiff injuries.

7

8    This is a lawsuit based on the willful and deliberate

9    Refusal of the defendants to comply with state and

10   Federal laws, and their own ODOC Rules and Policies

11   Protecting the rights of the plaintiff, who is disabled and handicapped and is in custody of the

12   defendants.

13

14   Through their Polices, Practices, and Conduct, defendants discriminate against Individuals with

15   Disabilities and handicaps in their custody.

16

17

18   **II.    JURISDICTION AND VENUE**

19   This Court has subject matter jurisdiction under 28 U.S.C. 1331, (Federal Question), and 1343(a)(3).

20   Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391 (b)(2) because the claims herein arose

21    in this Judicial District.

22

23   **III.    PARTIES**

24   Plaintiff Joshua T. Barnes, is a citizen of the United States of America. At the time of this filing, Plaintiff

25   has standing as he is in custody of the ODOC at TRCI. At all times relevant herein Plaintiff has been a

26   resident of Umatilla County, Oregon and an Adult In Custody, (AIC), at TRCI.

27

28   The individually named defendants were at relevant times employees of ODOC at all times relevant to

Page **2** of **19 - Title II Americans with Disability Acts and Rehabilitation Act Civil Rights Complaint - Joshua Barnes SID No. 17272776 - PRO SE**

1    this complaint. At all times relevant herein each defendant acted under color of state law, and within

2     the course and scope of their employment. Each defendant is sued individually and in his/her official

3    capacity as appropriate.

4

5    Defendant ODOC is an agency of the State of Oregon and operates all prisons in Oregon including the

6    Two Rivers Correctional Institution (TRCI). TRCI and ODOC receive federal funding, and are public

7    entities.

8

9    Defendant Quinton Adams was at all times relevant herein a DSU Property Corporal at TRCI.

10    Defendant Erin Reyes was at all times relevant the Superintendent of the Two Rivers Correctional

11     Institution.

12

13    Defendant Heidi Steward was at all times relevant the Director of the Department of Corrections.

14

15    **All defendants have acted under color of state law at all times relevant to this complaint.**

16

17

18    IV.    **FACTUAL ALLEGATIONS**

19

20    Plaintiff was sentenced to a term of incarceration by the Douglas County Circuit Court around

21    05/03/2016, and began serving his sentence immediately thereafter.

22

23    Plaintiff has resided in ODOC facilities Including TRCI, and TRCM, during his incarceration.

24

25    On or about October 4th, 2022, Plaintiff was placed in the DSU at TRCI, and given a Disciplinary Report

26    because he informed officers could not go to the unit he was assigned (Unit 9), because he feared

27    assault from other inmates because he is a "drop-out" gangmember.  DSU is a Disciplinary Segregation

28    Unit where prisoners are locked down in isolation for various durations and periods of time, and for

1   reasons usually relating to negative behavior exhibited by prisoners while in general population.

2   In Plaintiffs experience, it is the practice of "active gangmembers" to assault, extort, and cause harm to

3   "drop-out gangmembers" on units 6, 7, 9, and 14 at TRCI

4

5   Plaintiff has been diagnosed with multiple disabilities, that are on record, including a "Specific Learning

6   Disability", as well as "Glaucoma".

7

8   ODOC staff designated and recognize Plaintiff as being an individual with a disability and handicaps

9    according to ODOC's own Criteria at all times relevant to this complaint.

10

11  Both of Plaintiffs mentioned disabilities negatively effect and impair his every day life and cause him

12  difficulties in managing certain major life activities, and functions, such as seeing, reading, reading

13  comprehension, writing, and memory.

14

15  Plaintiff was given reasonable accommodation by TRCI's Previous ADA Coordinator, Mrs. L. Simons, this

16  accommodation was in the form of a "NEO2", a word processing machine, so Plaintiff would be able to

17  write like everyone else, and without difficulty, due to his Learning Disability and handicap, and it's

18  effect on his writing, reading etc,.

19

20  As Where other non-disabled AIC's use a pen, pencil, and paper to write with, Plaintiff uses a Neo2

21  writing machine to write with, via typing.

22

23  Plaintiff was given the accommodation of Audio Books by the ADA coordinator K. Thompson so plaintiff

24  would be able to read like everyone else and without difficulty due to his disability and handicap.

25  Plaintiff uses this machine to read books and magazines.

26

27  Plaintiff was subjected to Retaliation, a hostile living environment, intentional discrimination, and was

28   denied reasonable accommodation by Defendants while housed in the TRCI DSU;

1    TRCI/ODOC has a policy of not allowing Disabled AIC's that have NEO2 Writing machines, access to those

2    writing machines when admitted into DSU for extended timeframes.

3

4    On or about 10-04-2022, Plaintiff was taken to DSU for refusing his housing assignment because he was

5    in fear of being assaulted if he went to the unit he was assigned to.

6

7    Plaintiff was talking to another staffmember while he was in the "cage" being admitted into DSU, about

8    his not being able to go to unit 9 because he is a dropout and that he would be assaulted by

9    gangmembers if he went to unit 9.

10

11    It was about this time that a C/O, Sergeant Compos, approached, and the other staff walked away.

12

13    Sergeant Compos was very angry with Plaintiff when Plaintiff asserted he should not be being punished

14    for seeking safety because he couldn't live on a gang unit.

15

16    Plaintiff was told by Sergeant Compose he was not allowed to talk. Plaintiff asked Compos if he had the

17    right to freedom of speech. Compose replied and told Plaintiff he didn't "...have any rights while in

18    DSU.."

19

20    Plaintiff was then threatened with retaliation by Compose, Compos telling Plaintiff that he was going to

21    have a "...very difficult time in DSU...".

22

23    Compos informed Plaintiff that his difficult time in DSU was going to be because Compos did not like

24    what Plaintiff was saying, and that if Plaintiff "..kept talking shit.." that his time in DSU would be

25    "..difficult..", promising retaliation via mistreatment while in DSU.

26

27    C/O Adams was present and in earshot when Compose was verbally threatening retaliation and that

28    Plaintiff would have a difficult time in DSU.

.

1    Plaintiff was then placed in DSU cell 73B, by another Staffemember and Defendant Adams.

2

3    Plaintiff turned around after being uncuffed and informed the present staff member that he needed his

4     NEO2 writing machine from his property, because he is disabled and uses it to write with, informing him

5    of his disability and need for reasonable accommodation.

6

7    Plaintiff was very worried he wouldn't be able to correspond with the outside world while in segregation

8    unless he was given reasonable accommodation.

9

10    After Plaintiff requested reasonable accommodation from the staff member, that staff member turned

11    to the DSU Property Corporal Adams, who was standing next to him, and whispered something to

12    Adams, and then told Plaintiff to "..kyte DSU Property officer Adams for it.."

13

14    The cell Plaintiff was put in was approximately 12'ft x 12'ft, and its walls and ceiling were painted in a

15    glossy white paint. This cell was lit by two (2) LCD Tubes that are approximately 4'ft long.

16

17    As stated before, Plaintiff suffers from a specific learning disability, as well as Glaucoma and has very

18    bad eyesight due to his disability of glaucoma, and has difficulty writing like everyone else because both

19    his specific learning disability, as well as his difficulty seeing due to his Disability of Glaucoma.

20

21    Being in isolation, with the bright lights on most of the day, reflecting off the glossy white walls caused

22    Plaintiffs eyes to be sore, caused him headaches, made reading difficult, and exacerbated his both of his

23     disabilities.

24

25    During Plaintiffs stay in DSU at the time specified, Plaintiff both verbally, and by kyte, requested

26    reasonable accommodation multiple times from defendant Adams, and informed the DSU Property

27    Corporal Adams multiple times that he was disabled and needed his NEO2 to write like everyone else,

28    and to be able to write due to his disability, and difficulty writing.

Page **6** of **19 - Title II Americans with Disability Acts and Rehabilitation Act Civil Rights Complaint - Joshua Barnes SID No. 17272776 - PRO SE**

1    These dates include but are not limited to the following;

2    Plaintiff kyted Adams on or about 10-22 requesting accommodation, his NEO2.

3

4    On or in between 10-05-22, and 10-06-22. Plaintiff kyted Adams requesting accommodation, his NEO2.

5

6    On or about 10-13-22, Plaintiff again kyted Adams requesting accommodation, his NEO2.

7

8    Plaintiff never received a response from Defendant Adams to the aforementioned kytes where plaintiff

9    was requesting reasonable accommodation.

10

11   On or about 10-05-22 Plaintiff requested verbally to Adams reasonable accommodation, his NEO2,

12   informing Adams that he'd put in a kyte on 10-04-22 to him requesting reasonable accommodation.

13

14   On or about 10-06-22, Plaintiff again verbally requested from Adams reasonable accommodation, his

15   NEO2, while Adams was passing other AIC's out property.

16

17   On or about 10-06-22, around 4:50 pm, Plaintiff saw Adams again on the tier, and verbally pleaded with

18   him again for reasonable accommodation, his NEO2.

19

20   On or about 10-14-22. Between 4:40 pm, and 5:40 pm, Plaintiff once again verbally requested

21   reasonable accommodation, his NEO2, and once again explained his need for it to write with explaining

22   he is disabled to Adams again. On this date Adams told plaintiff to "..stop asking!.." for accommodation

23   in a loud and intimidating tone and manner. Adams further told plaintiff "...the more you ask, the less

24   likely you're gonna get it. It's not happening!.." telling Plaintiff he wasn't going to give him

25   accommodation.

26

27   Then Plaintiff, after further pleading and complaining for reasonable accommodation to Adams,

28   asserted it was against his rights to not accommodate him for his disabilities, and discriminate on him.

1    Adams told Plaintiff in response that he'd lie and "..just say it's up to institutional needs.."  as to the

2    reason he denied plaintiff reasonable accommodation.

3    Adams deliberately denied Plaintiffs request for reasonable accommodation on all mentioned occasions

4    without taking any steps to accommodate Plaintiffs known disabilities.

5

6    Adams, despite knowing and being made aware of Plaintiffs known, and documented disabilities, and his

7    need for reasonable accommodation in order to write like everyone else, without difficulty, intentionally

8     denied Plaintiff reasonable accommodation anyway.

9

10    Adams disregarded plaintiffs need for reasonable accommodation. Plaintiff did not have the equal

11    opportunity to write like everyone else, and without difficulty, because he is disabled and required

12    reasonable accommodation to do so.

13

14    Plaintiff both verbally, and by multiple kytes, requested reasonable accommodation from Defendant

15    Adams on various dates, as stated above.

16

17    Plaintiff informed Adams verbally that he had kyted him as instructed, and plaintiff was yet still denied

18    reasonable accommodation on all instances by defendant Adams.

19

20    Plaintiff could not write or correspond with the outside world while in DSU in this instance, like

21     everyone else, and without difficulty, because Defendants deliberate failure to reasonably

22    accommodate Plaintiff.

23

24    Upon entry into DSU, AIC's are given blank white sheets of paper, and a pen cartridge with which to

25     write with.

26

27    Plaintiffs pen and paper is his ODOC approved reasonable accommodation, NEO 2, and he was not

28     provided his reasonable accommodation upon entry into DSU.

1  Plaintiff did what he was instructed to do, and kyted Adams for reasonable accommodation, multiple

2  times, and verbally notified Adams repeatedly of his disability and his need for reasonable

3  accommodation, and yet was still denied reasonable accommodation.

4

5  Plaintiff was only given his NEO2, a single day before he was told he would be released from disciplinary

6  segregation, as Plaintiffs disciplinary charges were dismissed and he was not issued a new Disciplinary

7  Report or Conduct Order.

8

9  Plaintiff was not given his NEO2 by defendant Adams, but rather another correctional

10   officer that plaintiff was told at the time had just came back from vacation.

11

12  Plaintiff could not use, or utilize his Neo2 during the 14 days spent in segregation at that time, as

13  plaintiff was only given access to it in his last 24 hours spent in segregation, and by another

14  Correctional Officer around his thirteenth (13th) day in DSU.

15

16  Plaintiff could not correspond with the outside world the entire duration of that fourteen (14) day

17  timeframe in DSU as he was not given accommodation up until his last 24 hours, and had no access to a

18  printer, and was given no way to print in that narrow of a timeframe.

19

20  Defendant Adams intentionally denied plaintiff reasonable accommodation which resulted in Plaintiff

21  Not being able to communicate and correspond with the outside world like other individuals, and

22  without difficulty, during the entire duration of the timeframe mentioned that he was in DSU, solely

23  because he is disabled, and handicapped, and was denied reasonable accommodation.

24

25  Adams took no steps to reasonably accommodate Plaintiff and refused to reasonably accommodate

26  Plaintiffs disability related needs.

27

28

1  Plaintiff verbally asked other DSU Correctional Officers for reasonable accommodation but was told to

2  on all instances to "..talk to Adams..", or to send an inmate communication to Adams.

3

4  After verbally informing the Correctional officers mentioned that he had sent multiple communications,

5  and verbally reached out to Adams, and wasn't getting results, plaintiff was told that only a DSU

6  Property Corporal could access his property to reasonably accommodate him.

7

8  Plaintiff, being denied reasonable accommodation, and the ability to write like everyone else, without

9  difficulty, was excluded from participating in the ODOC and TRCI's services, activities, or programs, of

10  writing, and outgoing correspondence.

11

12  Plaintiff suffered severe depression, fear, emotional distress, headaches, anxiety, the ability to outgoing

13   correspondence, discrimination, and other injury as a result of Defendants conduct.

14

15  Plaintiff was not able to write his loved ones, family, friends, or any outside disability rights groups, and

16  was denied any way to communicate with the outside world as a result of Adams deliberate refusal to

17  reasonably accommodate Plaintiffs disabilities.

18

19  Other AIC's in the ODOC and TRCI are allowed, and equally afforded the opportunity to correspond with

20  the outside world via outgoing communications.

21

22

23  **V.     Facts Pertaining to Exhaustion of Administrative Remedies, Grievance**

24  **Procedure and Process:**

25

26  Plaintiff filed a Discrimination Complaint on or about 10-13-2022, on Property Corporal Adams stating

27   Adams was discriminating on Plaintiff by denying him Accommodation and the ability to write like

28   everyone else. Plaintiff sent this complaint out stapled to a inmate communication form.

1    The Discrimination Complaint was accepted on or about October 21, 2022, given the number

2    DC#TRCI-2022-10-041 and sent for response.

3

4    Plaintiff was sent the response to The Discrimination Complaint he had filed, signed by Erin Reyes,

5    Superintendent, around January 6, 2023, whom upheld Adams conduct as non-discriminatory

6    And failed to remedy the wrongs.

7

8    Plaintiff then filed an final appeal requesting further review, contesting the response he was given, re-

9    asserting claims from his initial discrimination complaint, and submitting new evidence, as well as

10   attempting to correct the record, as he had evidence that was contrary to the findings sent in response

11   to his complaint.

12

13   Plaintiff's Final Appeal was accepted on or about January 13, 2023, given the number DC#TRCI-2022-10-

14   041A and sent for response.

15

16   Plaintiff's final appeal was responded to and sent to him on or about February 22, 2023. Jason Brown,

17   Assistant Inspector General for Craig Prins, Inspector General, responded, informing Plaintiff that there

18   is no reason to overrule the original decision that stated there was nothing to support Plaintiffs

19   allegations of discrimination, and further informed Plaintiff that the department considers the matter

20   closed.

21

22   **Thus exhausting plaintiffs administrative remedies.**

23

24

25

26

27

28

1    **VI.    FIRST CLAIM FOR RELIEF**

2    **DISABILITY DISCRIMINATION UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

3    **(ADA) (42 U.S.C. § 12101 et seq.) (AGAINST ALL DEFENDANTS IN THEIR OFFICIAL**

4    **CAPACITIES)**

5

6    **Plaintiff re-alleges and re-incorporates all previous paragraphs as though fully set forth herein;**

7

8    Plaintiff was at all times relevant an Qualified Individual with a disability as defined under the Americans

9    with Disabilities ACT;

10

11   Plaintiff at all times relevant suffered from both physical and mental Impairments "Disabilities" (as

12   described in this complaint) that interfered with his major life activities of seeing, writing, reading,

13   reading comprehension, concentration, and memory. Defendants knew or should have been aware of

14   Plaintiffs disabilities.

15

16   Defendants at all times relevant to this complaint regarded Plaintiff as an individual with a disability.

17

18   ODOC and TRCI were at all relevant times Public Entities as defined under the ADA.

19

20   Plaintiff at all times relevant was qualified to participate in the ODOC/TRCI's services, programs and

21   activities, regardless of disability, and was discriminated on, excluded from, and denied the ability to

22   participate in said services, programs, activities, and the exclusion/ denial of these services was on the

23   basis of Plaintiffs disability, and was intentional discrimination on Plaintiff by Defendants;

24

25   Defendants subjected Plaintiff to intentional discrimination and discriminated on plaintiff on the basis of

26   his disabilities, and were deliberately indifferent to the need to reasonably accommodate plaintiffs

27   known physical and mental disabilities, which effectively deprived plaintiff of the benefits, services,

28   programs, or activities, offered by TRCI, and the ODOC, to other AIC's similarly situated to Plaintiff,

1   including the ability to write, and correspond via outgoing correspondence with the outside world.

2   Plaintiff was otherwise qualified to access these services, activities, programs, and should have been

3   reasonably accommodated and equally afforded the ability to write and correspond with the outside

4   world, without difficulty, regardless of his disability and its impact on his ability to write.

5

6   Defendants Discrimination on the basis of Plaintiffs disability, and failure to reasonably accommodate

7   Plaintiffs disabilities, is in violation of Title II the ADA which prohibits discrimination on the basis of

8   disability.

9

10   Defendants deliberate, cruel, and malicious, Failure to Reasonably Accommodate Plaintiffs known

11    disabilities, even after being put on notice of his need for accommodation, deprived plaintiff of the

12    services, programs, or activity, of writing, and amounts to intentional discrimination.

13

14   Defendants through their discriminatory conduct denied plaintiff equal protection afforded to other

15   individuals incarcerated in the Oregon Department of Corrections and Two Rivers Correctional

16   Institution.

17

18   Defendants actions have been malicious, deliberate, intentional, and embarked upon with knowledge

19   of, or in conscious disregard of, the harm that would be inflicted upon plaintiff.

20

21   The Oregon Department of Corrections/Two Rivers Correctional Institution does receive funding from

22   the Federal Government.

23

24   Defendants violated rights held by plaintiff which are clearly established and no reasonable

25   official similarly situated to Defendants could have believed that his/her conduct was lawful or

26   within the bounds of reasonable discretion. Defendants thus lacks qualified or statutory immunity

27   from suit or liability.

28

1   Defendants are not entitled to State Sovereign Immunity, or Eleventh Amendment Immunity;

2

3   Defendants actions caused direct harm to Plaintiff, and violated his Constitutional Rights, and violated

4    his rights under Title II of the Americans With Disability Act, and amounted to Intentional

5   Discrimination.

6

7   Title II of the Americans with Disabilities Act validly Abrogates State Sovereign Immunity, or

8   11th Amendment Immunity.

9

10  As a direct and proximate result of the actions described herein plaintiff sustained actual damages,

11  including discrimination, diminution of his ability to speak freely of his conditions of confinement,

12  diminution of his First Amendment Right of the United States Constitution to freely speak and express

13  himself via outgoing correspondence, anxiety, fear, emotional disturbance, headaches, and depression.

14  As a result of the abuse, unconstitutional conduct, intentional discrimination, and injuries, plaintiff is

15  entitled to an award of compensatory damages against defendant Adams in his official capacity in an

16  amount to be determined at trial.

17

18  The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein.

19

20  Plaintiff has been, and will continue to be irreparably injured by the conduct of the defendants unless

21  this court grants the declaratory and injunctive relief which plaintiff seeks

22

23

24

25

26

27

28

1    **VII.    SECOND CLAIM FOR RELIEF**

2    **FOR DISCRIMINATION/FAILURE TO PROVIDE REASONABLE ACCOMODATION –**

3    **UNDER THE 504 REHABILITAION ACT OF 1973 (AGAINST ALL DEFENDANTS IN THEIR OFFICIAL**

4    **CAPACITIES)**

5

6    **Plaintiff re-alleges all prior paragraphs as though fully set forth herein;**

7

8    Plaintiff is, and was at all relevant times, a qualified individual with a disability or handicap under the

9    Rehabilitation Act as specified In this complaint.

10

11    Plaintiff is, and was at all relevant times, otherwise qualified to receive the benefits of the services

12     made available to other inmates at TRCI/and in the ODOC, and was denied those benefits.

13

14    At all times material, Defendant was, and is a recipient of federal financial assistance/funds for it's

15    Programs and activities and receives funding from the Federal Government.

16

17    Defendants actions and omissions, as described above, violated Plaintiffs rights under the

18    Rehabilitation Act by excluding him from, or denying him the benefits, or meaningful access,

19    to Defendants services because of his disability.

20

21    Defendants deliberate failure to reasonably accommodate Plaintiffs known disabilities denied

22    Plaintiff meaningful access to programs that persons with disabilities are otherwise entitled to,

23    as previously mentioned in this complaint.

24

25    Defendants conduct showed deliberate indifference to Plaintiffs rights.

26

27    Defendants actions mentioned did not advance any legitimate penological interest, and based

28    On the facts were done with deliberate, intentional intent, and were embarked upon with knowledge of,

Page **15** of **19 - Title II Americans with Disability Acts and Rehabilitation Act Civil Rights Complaint - Joshua Barnes SID No. 17272776 - PRO SE**

1   or in conscious disregard of the harm that would be inflicted upon Plaintiff.

2

3   Defendant violated rights held by Plaintiff which are clearly established and no reasonable official

4   similarly situated to Defendant could have believed that his/her conduct was lawful or within the

5   bounds of reasonable discretion. Defendant thus lacks qualified Immunity from suit or liability.

6

7   As the Defendant, the Oregon Department of Corrections/Two Rivers Correctional Institution does

8   receive funding from the Federal Government, Defendants are not entitled to State Sovereign

9   Immunity, or Eleventh Amendment Immunity.

10

11  Plaintiff Sustained emotional distress, and damages due to Defendant's violation of his rights

12  and discrimination under the Rehabilitation Act.

13

14  Plaintiff is entitled to injunctive relief, including but not limited to, an order prohibiting Defendant

15  From discriminating against Plaintiff and other persons with disabilities/handicaps, and an order

16  Mandating full compliance with Section 504 of the Rehabilitation Act.

17

18  Pursuant to Section 504 of the Rehabilitation Act, Plaintiff is entitled to money damages and an award

19  Of attorney fees and costs.

20

21  The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein.

22

23  Plaintiff has been, and will continue to be irreparably injured by the conduct of the defendants unless

24  this court grants the declaratory and injunctive relief which plaintiff seeks

25

26

27

28

1    VIII.    PRAYER FOR RELIEF

2

3    **WHEREFORE**, Plaintiff prays for judgement against defendants as follows;

4

5    1.    **For an award of economic and non-economic damages in an amount to be proven at trial;**

6

7    2.    **For an award of compensatory damages to Plaintiff in an amount to be proven at trial.**

8

9    3.    **An declaration that the acts and omissions described herein violated Plaintiffs Civil Rights;**

10

11    4.    **An preliminary and permanent injunction ordering O.D.O.C. to afford disabled,**

12        **handicapped Individuals, whom use NEO2 writing machines, and reasonable**

13        **accommodations, their reasonable accommodations upon entry into DSU to**

14        **avoid future discrimination.**

15

16    5.    **For reasonable attorneys fees, costs, and disbursements and for such other relief as**

17        **the law permits and Justice requires.**

18

19

20    **Plaintiff has made a demand for jury trial and requests a trial by jury on all issues and matters**

21    **So triable.**

22    DATED THIS 6th DAY OF April 2023.

23

24    _signature_

25    **Joshua Tyler Barnes**

26    **TRCI #17272776**

27    **82911 Beach Access Rd**

28    **Umatilla, OR. 97882**            **PRO SE**

Page **17** of **19** - Title II Americans with Disability Acts and Rehabilitation Act Civil Rights Complaint - Joshua Barnes SID No. 17272776 - PRO SE

1    IX.     VERIFICATION

2

3    Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that I have read the foregoing complaint

4    and that the matters alleged therein are true and correct, except as to matters alleged upon

5    information and belief, and, as to those, I believe them to be true and correct. I certify under penalty

6    of perjury that the foregoing is true and correct.

7

8

9

10    DATED THIS 6th DAY OF April 2023.

11

12

13         Joshua Tyler Barnes

14         TRCI #17272776

15         82911 Beach Access Rd

16         Umatilla, OR. 97882

17

18              PRO SE.

19

20

21

22

23

24

25

26

27

28

1    X.                    CERTIFICATE AND CLOSING

2

3    Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge

4    Information and belief that this complaint; (1) Is not presented for an improper purpose, such as to

5    harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by

6    existing law or a non-frivolous argument for extending, modifying, or reversing existing law; (3) the

7    factual contents have evidentiary support or if so specifically identified will likely have evidentiary

8    support after a reasonable opportunity for further investigation or discovery; and (4) the complaint

9    otherwise complies with the requirements of Rule 11.

10

11

12    DATED THIS 6ᵗʰ DAY OF April 2023.

13

14

15    Joshua Tyler Barnes

16    TRCI #17272776

17    82911 Beach Access Rd

18    Umatilla, OR. 97882

19

20        PRO SE.

21

22    _____

23

24

25

26

## CERTIFICATE OF SERVICE

**CASE NAME:** JOSHUA TYLER BARNES (Pro se) v. OREGON DEPARTMENT OF CORRECTIONS (o.e.) AU AGENCY OF THE STATE OF OREGON et al.

**CASE NUMBER:** (if known) _____

COMES NOW, JOSHUA TYLER BARNES, PLAINTIFF , and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at <u>Two Rivers Correctional Institution (TRCI)</u>.

That on the 6th day of April _____, 2023 , I personally gave Two Rivers Correctional Institution's e-filing service A TRUE COPY of the following:

Declaration of Plaintiff Joshua Tyler Barnes in support of Motion for Counsel appointment.
(3 pages);

Motion to Proceed IN FORMA PAUPERIS (2 pages);

Motion for appointment of Counsel (4 pages);

Civil Rights complaint (19 pages);

APPLICATION TO PROCEED IN FORMA PAUPERIS (4 pages);

Civil Cover Sheet (1 page);

6 month trust Account Statements (3 pages);

USDC Request for Electronic Filing Form (2 pages)

(Signature)

Print Name Joshua Tyler Barnes

S.I.D. No.: 17272776

TRCI
82911 Beach Access Rd.
Umatilla, OR. 97882.