UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOSHUA TYLER BARNES, | Case No. 2:23-cv-00496-MC |
| Plaintiff, | ORDER |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS, (ODOC) an agency of the State of Oregon; CORPORAL QUINTON ADAMS, staff member at Two Rivers Correctional Institution, (TRCI); ERIN REYES, TRCI Superintendent; HEIDI STEWARD, Director of the ODOC, | |
| Defendants. | |

MCSHANE, District Judge.

Plaintiff, an adult in custody at the Two Rivers Correctional Institution, filed this action under the Americans With Disabilities Act (ADA) and the Rehabilitation Act (RA). Plaintiff alleges that after he was placed in disciplinary segregation, defendants denied his repeated requests for a Neo2 device, a device plaintiff uses for word processing due to an alleged disability. Plaintiff contends that defendants denied him a reasonable accommodation and discriminated against him based on his disabilities.

1   - ORDER

Plaintiff now seeks a preliminary injunction requiring defendants to provide plaintiff and other disabled inmates access to Neo2 devices while they are housed in disciplinary segregation. Defendants oppose the motion. Plaintiff fails to show that a preliminary injunction is warranted under the circumstances, and the motion is denied.

To obtain preliminary injunctive relief, plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011). Plaintiff fails to establish these elements.

First, plaintiff fails to show a likelihood of success on the merits. To sustain a claim under the ADA, he must show: 1) he is a "qualified individual with a disability;" 2) he was either excluded from participation in or denied the benefits of prison services, programs, or activities, or was otherwise discriminated against by prison officials; 3) because of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001). Plaintiff simply makes conclusory assertions of discrimination and presents no evidence suggesting that he was denied access to a Neo2 device or otherwise discriminated against *because of* his disability.

Second, plaintiff fails to show that he will suffer irreparable harm or that the balance of hardships tips in his favor. The allegations in the Complaint occurred in October 2022, and

plaintiff does not allege that he is currently in disciplinary segregation and without access to a Neo2 device.[1] Thus, plaintiff cannot show that he is at imminent risk of irreparable injury if the Court does not order defendants to provide Neo2 devices to inmates in disciplinary segregation. For the same reasons, plaintiff cannot show that a preliminary injunction is in the public interest, and his motion is denied.

Plaintiff also renews his request for the appointment of counsel. As the Court previously found, plaintiff has not demonstrated that this is an exceptional case warranting the appointment of volunteer counsel. Plaintiff can articulate his claims and has pursued several motions and requests for relief. Although plaintiff asserts that new circumstances, including retaliation by defendants, hinder his ability to pursue this action, the Court notes that plaintiff recently filed several motions and a reply to defendants' counterclaim. To the extent plaintiff wishes to pursue claims of First Amendment retaliation, he may seek leave to amend his Complaint.

## CONCLUSION

Plaintiff's Motions for Preliminary Injunction and for Appointment of Counsel (ECF Nos. 22, 43, 44) are DENIED.

IT IS SO ORDERED.

DATED this 28th day of August, 2023.

s/ Michael J. McShane  
MICHAEL J. MCSHANE  
United States District Judge

---

[1] Plaintiff's allegations of retaliation set forth in a Motion for Appointment of Counsel have not been pleaded and are not properly before the Court. Plaintiff may seek leave to amend his Complaint to include claims of retaliation in this action.

3    - ORDER